**HUIFANG ZHENG, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

No. 13–74174

United States Court of Appeals, Ninth Circuit.

Submitted March 14, 2017 * San Francisco, California

FILED JULY 17, 2017

Armin Alexander Skalmowski, Law Office of Armin Skalmowski, Alhambra, CA, for Petitioner.

Arthur Leonid Rabin, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: WALLACE, McKEOWN, and BYBEE, Circuit Judges.

ORDER AMENDING

The memorandum disposition, filed on March 16, 2017, is amended as follows: On page 2, line 10, replace "prosecution" with "persecution." With the foregoing amendment, Zheng's petition for panel rehearing is DENIED. No further petitions for rehearing will be accepted in this case.

AMENDED MEMORANDUM **

Huifang Zheng, a native of China, petitions for review of the Board of Immigration Appeals' (Board) order dismissing her appeal from an immigration judge's (IJ) decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We review factual findings for substantial evidence and legal questions de novo. *Ridore v. Holder*, 696 F.3d 907, 911 (9th Cir. 2012) (citations omitted). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Substantial evidence supports the Board's finding that Zheng failed to establish past persecution. Although the IJ found that Zheng's family suffered economic harm as a result of the number of children Zheng's parents produced, substantial evidence supports the finding that such harm did not reduce the family to an impoverished existence. *See Gormley v.*

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

*Ashcroft*, 364 F.3d 1172, 1178 (9th Cir. 2004). Furthermore, substantial evidence supports the Board's finding that Zheng failed to establish a well-founded fear of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016–18 (9th Cir. 2003).

As Zheng failed to establish eligibility for asylum, she has also failed to show she is eligible for withholding of removal, which imposes a heavier burden of proof. *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the Board's denial of Zheng's CAT claim because she failed to establish it is more likely than not that she would be forced to undergo a sterilization procedure at the instigation of the Chinese government, or that she would be subject to other forms of torture. *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010).

**PETITION DENIED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* The Honorable Donald E. Walter, Senior United States District Judge for the Western District of Louisiana, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.